**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable William J. Martínez**

Civil Action No. 13-cv-02247-WJM-BNB

GENERO ZUNIGA,

    Applicant,

v.

JAMES FALK, Warden of Sterling Correctional Facility, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

## ORDER TO DISMISS IN PART AND FOR ANSWER

---

    Applicant, Genero Zuniga, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the correctional facility in Sterling, Colorado. Mr. Zuniga, acting *pro se*, filed an amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 6) challenging the validity of his conviction in Arapahoe County, Colorado, district court Case No. 04CR1690. He has paid the $5.00 filing fee for a habeas corpus action.

    In an order entered on January 9, 2014, Magistrate Judge Boyd N. Boland directed Respondents to file a pre-answer response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intended to raise either or both of those affirmative defenses in this action. On February 7, 2014, after being granted an extension of time, Respondents filed their pre-answer response (ECF No. 13). On March 4, 2014, after being granted an extension of time, Mr. Zuniga filed a reply (ECF No. 16) to the pre-answer response.

The Court must construe Mr. Zuniga's filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

## I. Background and State Court Proceedings

Following a gang-related shooting, Mr. Zuniga was convicted in Arapahoe County District Court Case No. 04CR1690 of first-degree murder after deliberation, three counts of attempted first-degree murder after deliberation, conspiracy to commit first-degree murder after deliberation, and second-degree assault. ECF No. 13, ex. I (*People v. Zuniga*, No. 11CA0072 (Colo. Ct. App. Oct. 4, 2012) (unpublished)) at 2. He was sentenced to a prison term of life without the possibility of parole, plus 128 years. *Id.* His convictions were affirmed on appeal. *Id.*; *see also* ECF No. 13, ex. D (*People v. Zuniga*, No. 05CA1623 (Colo. Ct. App. May 13, 2010) (unpublished)).

On November 4, 2010, Mr. Zuniga filed a motion for postconviction relief pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure claiming he was deprived of his right to the effective assistance of trial and appellate counsel. ECF No. 13, ex. I at 2; *see also* ex. A (state court register) at 12. On December 1, 2010, the trial court summarily denied the motion. ECF No. 13, ex. I at 2; *see also* ex. A at 12. On October 4, 2012, the Colorado Court of Appeals affirmed. ECF No. 13, ex. I. On April 29, 2013, the Colorado Supreme Court denied certiorari review. ECF No. 13, ex. K.

On August 21, 2013, Mr. Zuniga filed his original habeas corpus application (ECF No. 1) with the Court. Respondents concede the instant action is filed within the one-year limitation period in 28 U.S.C. § 2244(d). Therefore, the Court need not address further the one-year limitation period.

In the amended application, Mr. Zuniga asserts the following five claims:

    (1)    The trial court's failure to sever Applicant's case from the codefendant's violated Applicant's right to due process. ECF No. 6 at 5-7.

    (2)    The elements instruction for complicity relieved the prosecution of its burden of proof. *Id.* at 8-9.

    (3)    The verdicts were not supported by sufficient evidence. *Id.* at 8, 10.

    (4)    Trial counsel rendered ineffective assistance by failing to exercise a peremptory challenge. *Id.* at 11.

    (5)    Appellate counsel rendered ineffective assistance by failing to present issues concerning:

        (a)    juror bias under *Batson v. Kentucky*, 476 U.S. 79 (1986), *id.* at 12-13;

        (b)    prosecutorial misconduct during closing argument, *id.* at 13;

        (c)    the omission of a unanimity instruction, *id.* at 13-14;

        (d)    the unconstitutional use of a sentence enhancer, *id.* at 14; and

        (e)    the violation of Applicant's Fourth Amendment rights under *Georgia v. Randolph*, 547 U.S. 103 (2006), *id.* at 15.

## II. Exhaustion and Procedural Default

### A. Exhaustion

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State*

*Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).  The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts.  *See Castille v. Peoples*, 489 U.S. 346, 351 (1989).  Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack."  *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement.  *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989).  Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts," *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam).  A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted.  *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).  The requirement of exhaustion of state remedies in federal habeas cases dictates that a state prisoner must "give the state courts a full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  *O'Sullivan*, 526 U.S. at 845.

"The exhaustion requirement is not one to be overlooked lightly."  *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995).  A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies.  *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).  Even if state remedies properly have been exhausted as to one or more of the claims presented, a habeas corpus application is subject to dismissal as a mixed petition

4

unless state court remedies have been exhausted for all of the claims raised.  *See Rose v. Lundy*, 455 U.S. 509, 522 (1982); *Harris v. Champion*, 48 F.3d 1127, 1133 (10th Cir. 1995).

### B. Procedural Default

If a habeas applicant "failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred . . . there is a procedural default."  *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *see also Harris v. Reed*, 489 U.S. 255, 269-70 (1989)); *Anderson v. Sirmons*, 476 F.3d 1131, 1139 n.7 (10th Cir. 2007) ("'Anticipatory procedural bar' occurs when the federal courts apply procedural bar to an unexhausted claim that would be procedurally barred under state law if the petitioner returned to state court to exhaust it.") (citation omitted).  A claim is precluded from federal habeas review if the claim has been defaulted in state court on an independent and adequate state procedural ground, unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the federal violation, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice.  *Coleman*, 501 U.S. at 750; *Cummings v. Sirmons*, 506 F.3d 1211, 1224 (10th Cir. 2007) (citation omitted).

Application of this procedural-default rule in the habeas corpus context is based on comity and federalism concerns.  *See Coleman*, 501 U.S. at 730.  Mr. Zuniga's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice.  *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

To demonstrate cause for his procedural default, Mr. Zuniga must show that

some objective factor external to the defense impeded his ability to comply with the relevant procedural rule.  *See Murray v. Carrier*, 477 U.S. 478, 488 (1986); *United States v. Salazar*, 323 F.3d 852, 855 (10th Cir. 2003).  "Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to [applicant]." *McClesky v. Zant*, 499 U.S. 467, 493-94 (1991) (internal quotation marks omitted).  If Mr. Zuniga can demonstrate cause, he also must show "actual prejudice as a result of the alleged violation of federal law." *Coleman*, 501 U.S. at 750.

A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496; *see also United States v. Cervini*, 379 F.3d 987, 991-92 (10th Cir. 2004).  A "substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare."  *Schlup v. Delo*, 513 U.S. 298, 324 (1995).  To demonstrate a fundamental miscarriage of justice, Mr. Zuniga first must "support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial."  *Id.*  He then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence."  *Id.* at 327.

Respondents contend claim 1 is unexhausted and procedurally defaulted; claims 2, 3, and 5 are unexhausted because they have not been presented to the Colorado Supreme Court;  and claim 4 is exhausted.  For the reasons stated below, the Court agrees claim 1 is unexhausted and procedurally defaulted; disagrees that claims 2, 3, and 5 are unexhausted; and agrees that claim 4 is exhausted.

Claim 1

Respondents argue that claim 1 is unexhausted and procedurally defaulted. In claim 1, Mr. Zuniga alleges that the trial court's failure to sever his case from his codefendant's violated his right to due process.

In state court, Mr. Zuniga presented his severance claim on direct appeal as a question of state law, citing to and applying Colo. R. Crim. P. 14. ECF No. 13, ex. B (opening brief of defendant-appellant) at 21-26. His brief mention at the tail end of his state law argument concerning claim 1 to "U.S. CONST. amends. V, VI, XIV" is insufficient to put the state courts on notice that he is raising a federal constitutional claim. *See Wilder v. Cockrell*, 274 F.3d 255, 260 (5th Cir. 2001) ("A fleeting reference to the federal constitution, tacked onto the end of a lengthy, purely state-law . . . argument, does not sufficiently alert and afford a state court the opportunity to address an alleged violation of federal rights[]"; to hold otherwise would "eviscerate the exhaustion requirement."). As a result, Mr. Zuniga fails to provide legal theory explaining how the state court decision violated his due process rights. *See, e.g.*, *Harless*, 459 U.S. at 6-8 (claim on direct appeal that "failure to properly instruct a jury violate[d] the Sixth and Fourteenth Amendments" did not fairly present due process challenge to instruction for habeas exhaustion purposes); *Picard*, 404 U.S. at 276-78 (holding that habeas petitioner failed to present federal claim fairly to state court where, despite presenting all necessary facts, petitioner failed to assert specific constitutional argument he later tried to raise in federal court); *see also Thomas v. Gibson*, 218 F.3d 1213, 1221 n.6 (10th Cir. 2000) (holding that petitioner's general state court claim was insufficient to exhaust his later, more specific federal habeas claim).

In addition, there is no Supreme Court case applying federal constitutional

7

principles to a severance claim. "The Supreme Court has not held that a state or federal trial court's denial of a motion to sever can, in itself, violate the Constitution." *Grajeda v. Scribner*, 541 F. App'x 776, 778 (9th Cir. Oct. 4, 2013); *see also Cummings v. Evans*, 161 F.3d 610, 619 (10th Cir. 1998) (whether trial court erred in denying severance generally is a question of state law that is not cognizable on federal habeas appeal). The United States Court of Appeals for the Tenth Circuit (Tenth Circuit) has found the existence of a constitutional right to severance where there is a strong showing of prejudice caused by a joint trial. *See, e.g.*, *Cummings*, 161 F.3d at 619; *United States v. Youngpeter*, 986 F.2d 349, 353 (10th Cir. 1993). However, *Cummings* relies on Tenth Circuit cases, not a Supreme Court case constitutionalizing the denial of a motion to sever. Although *Youngpeter* cites *Zafiro v. United States*, 506 U.S. 534 (1993), *Zafiro* discusses joinder and severance in the context of Rules 8 and 14 of the Federal Rules of Criminal Procedure. *See Runningeagle v. Ryan*, 686 F.3d 758, 776 (9th Cir. 2012) ("*Zafiro* and [*United States v. Lane*, 474 U.S. 438 (1986)] do not establish a constitutional standard binding on the states and requiring severance in cases where defendants present mutually antagonistic defenses." (citation and internal quotation marks omitted)).

Because Mr. Zuniga's severance claim is a question of state law, it is not cognizable in this habeas corpus action. *See* § 2254(a) ("[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitutional or laws or treaties of the United States."); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("federal habeas corpus relief does not lie for errors of state law").

As previously stated, Mr. Zuniga's brief, conclusory reference to a fair trial fails to

8

present the substance of his claim to the state courts in a manner sufficient to put those courts on notice of the federal constitutional due process claim. *See Picard*, 404 U.S. at 278; *Nichols*, 867 F.2d at 1252. The Court finds that claim 1 is not exhausted.

Any attempt to present the claim at this time in a state postconviction proceeding would be rejected as successive. Rule 35(c)(3)(VI) and (VII) bar Mr. Zuniga from raising in a postconviction motion a claim that already was raised and resolved in a prior appeal or could have been presented in a previous postconviction proceeding; *see also People v. Bastardo*, 646 P.2d 382, 383 (Colo. 1982) (stating that postconviction review is not available to address under a recently contrived constitutional theory issues that were raised previously). As such, the claim is procedurally defaulted. *See Coleman*, 501 U.S. at 735 n.1; *Sirmons*, 476 F.3d at 1139 n.7. Applicant has not made the necessary showing of cause and prejudice or actual innocence to excuse his procedural default. Claim 1 will be dismissed as procedurally defaulted.

### Claims 2, 3, and 5

Claim 2 asserts the elements instruction for complicity relieved the prosecution of its burden of proof. Claim 3 alleges that the verdicts were not supported by sufficient evidence. Claim 5 asserts that appellate counsel rendered ineffective assistance by failing to present issues concerning: (a) juror bias under *Batson v. Kentucky*, 476 U.S. 79 (1986); (b) prosecutorial misconduct during closing argument; (c) the omission of a unanimity instruction; (d) the unconstitutional use of a sentence enhancer; and (e) the violation of Applicant's Fourth Amendment Respondents rights under *Georgia v. Randolph*, 547 U.S. 103 (2006).

Respondents argue that claims 2, 3, and 5 are not exhausted because Mr. Zuniga failed to present these claims to the Colorado Supreme Court. For the reasons

stated below, the Court finds that claim 2, 3, and 5 are exhausted.

Respondents are correct that, in order to exhaust state court remedies, a claim must be presented to the state's highest court if review in that court is available. *See O'Sullivan*, 526 U.S. at 845. However, "there is nothing in the exhaustion doctrine requiring federal courts to ignore a state law or rule providing that a given procedure is not available." *Id.* at 847-48. Therefore, if a state articulates that a certain avenue for relief is not part of its standard appellate review process, it is not necessary for a defendant to pursue that avenue in order to exhaust state remedies. *See id.*

The State of Colorado has articulated that review in the Colorado Supreme Court is not part of the standard state appellate review process. More specifically, the Colorado Appellate Rules provide that:

> In all appeals from criminal convictions or postconviction relief matters from or after July 1, 1974, a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error. Rather, when a claim has been presented to the Court of Appeals or Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies.

Colo. App. R. 51.1. Pursuant to Colo. App. R. 51.1, the Court finds that review in the Colorado Supreme Court is not required to exhaust state remedies if the claim in question was presented fairly to, and relief was denied by, the Colorado Court of Appeals. *See, e.g., Valenzuela v. Medina*, No. 10-cv-02681-BNB, 2011 WL 805787, at *4 (D. Colo. Feb. 28, 2011).

Respondents concede Mr. Zuniga fairly presented claims 2, 3, and 5 as a question of federal constitutional law in the Colorado Court of Appeals. ECF No. 13 at 14 and 18-19. Therefore, the Court finds that claims 2, 3, and 5 are exhausted, and the

Court is not persuaded by Respondents' arguments that a petition for writ of certiorari still is necessary to exhaust state remedies in Colorado. The Court's conclusion is supported by the fact that four circuit courts have determined that state rules similar to Colo. App. R. 51.1 eliminate the need to seek review in the state's highest court in order to satisfy the exhaustion requirement. *See Lambert v. Blackwell*, 387 F.3d 210, 233 (3d Cir. 2004); *Adams v. Holland*, 330 F.3d 398, 401-03 (6th Cir. 2003); *Randolph v. Kemna*, 276 F.3d 401, 404-05 (8th Cir. 2002); and *Swoopes v. Sublett*, 196 F.3d 1008, 1009-10 (9th Cir. 1999).

Although the Tenth Circuit has not addressed the specific issue, Respondents argue that in *Prendergast v. Clements*, 699 F.3d 1182 (10th Cir. 2012), the Tenth Circuit "suggested" that presentation before the state's highest court is necessary to satisfy the exhaustion requirement. In *Prendergast*, the Tenth Circuit noted that *Boerckel* requires a state habeas corpus applicant to present his claim to the state's highest court to satisfy the exhaustion requirement. *Prendergast*, 699 F.3d at 1184 n.2. However, absent a definitive holding by the Tenth Circuit on the effect of Colo. App. R. 51.1, this Court holds that Mr. Zuniga's failure to raise claims 2, 3, and 5 in a petition for certiorari review to the Colorado Supreme Court does not demonstrate that the claims are unexhausted. *See Hoeck v. Timme*, No. 13-cv-02575-WJM, 2014 WL 376398, at *6 (D. Colo. Feb. 03, 2014) (unpublished). The Court finds that claims 2, 3, and 5 are exhausted.

### Claim 4

Claim 4 asserts that trial counsel rendered ineffective assistance by failing to exercise a peremptory challenge. Mr. Zuniga present this claims as a question of federal constitutional law in state court, both to the Colorado Court of Appeals, ECF No.

11

Case 1:13-cv-02247-WJM   Document 21   Filed 06/18/14   USDC Colorado   Page 12 of 12

13, ex. G (opening brief), and to the Colorado Supreme Court. ECF No. 13, ex. J (petition for writ of certiorari) at 3-9. Therefore, claim 4 appears to be exhausted.

### III. Conclusion

For the reasons stated above, the amended application (ECF No. 6) will be denied in part.

Accordingly, it is

ORDERED that claim 1 is dismissed as procedurally defaulted. It is

FURTHER ORDERED that **within thirty days of the filing of the state court record** Respondents are directed to file an answer in compliance with Rule 5 of the Rules Governing Section 2254 Cases that fully addresses the merits of the following exhausted claims: claims 2, 3, 4, and 5. It is

FURTHER ORDERED that a traverse, if any, may be filed **within thirty days of the filing of the answer**.

DATED this 18th day of June, 2014.

BY THE COURT:

William J. Martinez
United States District Judge